An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1071

Filed 15 October 2025

Anson County, No. 22CVS000390-030

ROBERT TERRY HARRINGTON, Plaintiff,

v.

CURTIS WAYNE LANEY, CYNTHIA ROWELL LANEY, and the ESTATE of DANIEL HEDGEPETH, Defendants.

Appeal by defendants from judgment entered 24 May 2024 and order entered 20 June 2024 by Judge Matthew B. Smith in Anson County Superior Court. Heard in the Court of Appeals 10 June 2025.

*Taylor Law Group, by William Taylor, for plaintiff-appellee.*

*Crow Law Firm, PLLC, by Harry B. Crow, Jr., for defendants-appellants.*

DILLON, Chief Judge.

This case arises from a dispute over property ownership. Plaintiff contests certain land conveyances, alleging the conveyances are invalid because the person purportedly having power of attorney over the property owner lacked the power to convey the property. Because Plaintiff's claims are barred by the applicable statute of limitations, we reverse the trial court's decision.

## I.  Background

In September 2022, Plaintiff Robert Terry Harrington initiated an action for quiet title against Defendants Curtis Laney and Cynthia Laney alleging the deed that conveyed their current residence (the "Property") to them was invalid because Defendant Curtis Laney lacked the legal authority to deed himself the Property.

More than six years earlier, on 24 June 2016, Plaintiff's parents executed an agreement naming Curtis Laney and Daniel Hedgepeth (now deceased) as their attorneys in fact (the "POA agreement").  Shortly after executing the POA agreement, Plaintiff's parents executed a deed conveying the Property to Defendant Curtis Laney.  In September 2016, Plaintiff's father passed.

In 2018, Defendants conveyed the Property back to Plaintiff's mother.  That same day, Defendant Curtis Laney *acting on behalf of Plaintiff's mother* executed a deed granting a remainder interest in the Property to himself and his wife (the "2018 deed").  Defendant Curtis Laney executed this last deed using his purported authority under the 2016 POA agreement.

On 26 June 2019, Plaintiff's mother died, whereupon Defendants took ownership of the property under the 2018 deed.

In September 2022, Plaintiff filed this action claiming that he is the rightful owner of his mother's Property.  Specifically, Plaintiff contends the 2018 deed executed through the 2016 POA agreement was void because his mother lacked the

necessary mental capacity to execute the 2016 POA agreement and the POA was, otherwise, fraudulently obtained by Defendants. Plaintiff presented the following evidence at trial to support his claim: Plaintiff's mother mis-initialed the 2016 POA, she was of "advanced age," Defendant Curtis Laney was caring for her financial and health needs, she had recently undergone abdominal surgery around the time of the 2016 POA, she could not drive, she was in nursing homes around 2015 with dementia, and she could no longer live alone in 2018 because of cognitive issues.

The jury returned a verdict in favor of Plaintiff, finding Plaintiff's mother did not possess the requisite mental capacity to execute the 2016 POA. Based on this verdict, the trial court entered judgment, ordering the 2018 conveyances to Defendant Curtis Laney invalid. Defendants moved for judgment notwithstanding the verdict or, alternatively, a new trial. The trial court denied Defendants' motion.

Defendants appeal.

## II.    Analysis

Defendants present the following issues on appeal: (1) the trial court erred in presenting to the jury the issue of Plaintiff's mother's capacity to execute the 2016 POA agreement; (2) considering the jury instructions, the answers to issues two through five are invalid; (3) the trial court erred in failing to dismiss Plaintiff's claims, as they were barred by the statute of limitations; and (4) the trial court erred in failing to submit the issue of laches to the jury.

We first address Defendants' statute of limitations argument.

Defendants pleaded the statute of limitations as an affirmative defense to Plaintiff's claims. Defendants argue that Plaintiff's claims center on fraud and, accordingly, the three-year statute of limitations for fraud should apply. *See* N.C.G.S. § 1-52(9). Plaintiff disagrees as to where the core of his claims lies. He contends "the claims were based on quiet title and the powers of attorney as a contract" which are subject to other statutes of limitations.

We have held that "[t]here is no express statute of limitations governing actions to quiet title under [N.C.G.S.] § 41-10. It is thus necessary to refer to plaintiffs' underlying theory of relief to determine which statute, if any, applies." *Walter v. Walter*, 275 N.C. App. 956, 966 (2020).

In this case, Plaintiff's argument at its core hinges on the validity of the June 2016 POA agreement. This Court has held that "there is, as a general matter, little reason to draw distinctions between powers of attorney and contracts." *O'Neal v. O'Neal*, 254 N.C. App. 309, 312 (2017) (citation omitted). Thus, at its core, Plaintiff's claim is a contract claim, and claims arising out of contract must be brought within three years of the time the cause of action accrues. N.C.G.S. § 1-52(1). Whether the cause of action accrued when the POA was executed on 24 June 2016 or when Defendant's became the owner of the Property upon the death of Plaintiff's mother in June 2019, Plaintiff did not bring this action within three years of either date, having commenced this action in September 2022.

Plaintiff also asserts his claims should fall under either N.C.G.S § 1-38

- 4 -

(pertaining to possession under color of title) or N.C.G.S. § 1-47 (pertaining to validity of deeds). Neither statute, though, reach the heart of this matter (i.e., the contract claim). Thus, neither is the appropriate statute to apply to Plaintiff's claims.

Further, Plaintiff argues, even if a three-year statute of limitations is applied, his claims should not be barred due to potential disabilities Plaintiff and his mother endured. Pursuant to our state's "survivor statute," if a person entitled to bring an action dies before the expiration of the applicable statute of limitations, an action may be commenced by his or her personal representative within one year of the death. N.C.G.S. § 1-22. Presuming the three-year statute applicable to his mother's claim was tolled due to his mother's incapacity before her death, Plaintiff had only one year after her death (until 26 June 2020) to file a claim on her behalf. But Plaintiff did not bring suit until 21 September 2022, more than two years past the deadline. Plaintiff also argues the one-year deadline should have been tolled due to his own incapacity. However, the survivor statute does not designate any one person in particular—such as an heir, like Plaintiff—as the sole representative responsible for bringing a decedent's claim. *See* N.C.G.S. § 1-22. And no representative brought Plaintiff's mother's claim within a year following her death.

We reverse the trial court's judgment because Plaintiff failed to bring his claims within the applicable statute of limitations. Because we reverse the trial court's ruling on statute of limitations grounds, we need not address Defendants' remaining arguments.

REVERSED.

Judges MURRY and FREEMAN concur.

Report per Rule 30(e).